UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL SPEARMAN, | No.  2:15-cv-0936 AC P |
| Plaintiff, | |
| v. | ORDER |
| D. MOORE, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner[1] proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 7.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Plaintiff was released from prison shortly after he filed the complaint.  ECF No. 4.

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
3  This standard also applies to complaints brought by non-prisoners that are proceeding pro se.  28
4  U.S.C. § 1915(e)(2).

5      A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
7  Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
8  meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona,
9  885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute
10 on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490
11 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,
12 has an arguable legal and factual basis.  Id.

13     "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
14 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
15 what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
16 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
17 However, in order to survive dismissal for failure to state a claim, a complaint must contain more
18 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
19 allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations
20 omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that
21 merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original)
22 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d
23 ed. 2004)).

24     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
25 relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
26 Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
27 content that allows the court to draw the reasonable inference that the defendant is liable for the
28 misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint

under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## II. Complaint

Plaintiff alleges that on May 9, 2014, he was taken to Renown Regional Medical Center in Reno, Nevada, for emergency surgery. ECF No. 1 at 4, ¶ 1. While there, and prior to surgery, he passed fifteen kidney stones. Id. Defendant Moore then did a CAT scan which showed that three stones were stuck and that plaintiff required immediate surgery to prevent kidney failure on his left side. Id. The following day, after the surgery, defendant Moore told plaintiff that he was not able to remove the three stones and had put a stent in plaintiff's kidney to keep it from failing. Id. The stent allegedly caused plaintiff a lot of pain. Id. Several days later, defendant Moore talked with plaintiff about the kinds of food he should avoid eating in order to prevent more kidney stones. Id., ¶ 2. Plaintiff was provided a list of foods that he was not supposed to eat, but the transportation officers threw it away. Id. Before plaintiff left the hospital, defendant Kanellos told him that he would need to talk to the doctors at the prison about changing his diet because they are the ones responsible for ordering special diets. Id., ¶ 3. After plaintiff returned to the prison, he was seen by defendant Hackworth on June 3, 2014, and asked him about changing his diet, but defendant Hackworth told plaintiff that "'he couldn't do anything about it.'" Id.

On September 23, 2014, plaintiff was seen by defendant Standig who told him that he might have kidney stones again. Id., ¶ 4. Plaintiff alleges that he developed kidney stones in his right kidney as a result of the failure to change his diet. Id. He alleges that defendants Moore and Kanellos were deliberately indifferent to his medical needs because they did not administer better care after his surgery. Id. at 5, ¶ 7. Defendants Hackworth, Standig, and Kayl were allegedly deliberately indifferent when they did not help him to obtain a special diet. Id. Plaintiff finally alleges that the unknown transportation officers were deliberately indifferent when they threw away his paperwork without his permission. Id.

////

III.   Eighth Amendment – Deliberate Indifference

   A.   Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "'knows of and disregards an *excessive risk* to inmate health and safety.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (quoting Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058.

   B.   Failure to State a Claim

      1. Defendants Moore and Kanellos

Plaintiff's allegations that defendant Moore was unable to remove his kidney stones and had to put a stent in his kidney are insufficient to state a claim for deliberate indifference. Even though plaintiff alleges that the stent caused him a lot of pain, there are no facts to show that this was the fault of defendant Moore or that Moore could have or should have done anything further. ECF No. 1 at 4, ¶ 1. Plaintiff's allegations that defendant Kanellos told him that he needed to ask the prison doctors about changing his diet (id., ¶ 3), and that Moore and Kanellos generally

should have provided better after care, also fail to state a claim for deliberate indifference (id. at 5, ¶ 7). None of these facts demonstrate that defendants Moore and Kanellos were aware of a serious medical need and were deliberately indifferent to that need.

With respect to defendants Moore and Kanellos, plaintiff has also failed to allege any facts that would demonstrate that this court would have personal jurisdiction over these out-of-state defendants. Defendants Moore and Kanellos are alleged to be doctors at a hospital in Reno, Nevada, which is where all their interactions with plaintiff took place. Id. at 2. "The basic rule [for personal jurisdiction over an out-of-state defendant] is that the defendant must have certain minimal contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.3d 1280, 1287 (9th Cir. 1977) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Jurisdiction will exist "[i]f the nonresident defendant's activities within a state are 'substantial' or 'continuous and systematic.'" Id. (quoting Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 413 (9th Cir. 1977)). If the defendant does not have substantial or continuous and systematic contact with the forum state, in this case California, then the following three-part test is used to determine whether the defendant has sufficient contact with the forum state to establish personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004)). "The plaintiff has the burden of proving the first two prongs." Id. (citing CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1076 (9th Cir. 2011)).

Plaintiff's claims against defendants Moore and Kanellos will be dismissed with leave to amend. However, if plaintiff chooses to amend his claims against them he must not only allege facts sufficient to state a claim, but to support a finding of personal jurisdiction over these defendants.

### 2. Doe Defendants

Plaintiff alleges that two unknown transportation officers threw away the list of foods he was supposed to avoid. Id. at 4, ¶ 2. However, this bare assertion does not provide sufficient evidence to show that the officers were deliberately indifferent to a high risk to plaintiff's health or safety. There is no indication as to why the officers threw the list away or how that disregarded a risk to plaintiff's health or safety. Plaintiff's allegations against the Doe defendants will be dismissed, but he will be given leave to amend.

Although the use of fictitiously named Doe defendants is generally not favored, Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), amendment is allowed to substitute true names for fictitiously named defendants, Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989). Due to the impossibility of serving an unknown individual, if plaintiff amends the complaint and is able to state claims against the currently unknown officers, the court will not order service on these defendants until plaintiff has identified them.

### C.  Claims for Which a Response Will Be Required

Plaintiff alleges that after he was returned to the prison, he asked defendant Hackworth about being placed on a special diet, but Hackworth said there was nothing he could do, even though that was not true. Id. at 4-5, ¶¶ 3, 7. Although he does not specify when he made the requests, he also alleges that he asked defendants Standig and Kayl for a medical diet and they did nothing to assist him. Id. at 5, ¶ 7. Plaintiff alleges that as a result of not getting a medical diet, he developed kidney stones in his right kidney which present a threat to his health and have caused him continuous pain. Id. at 4-7, ¶¶ 4-5, 8. The court can infer from the complaint that plaintiff is alleging defendants knew that he required the diet to avoid developing additional kidney stones. Defendants Hackworth, Standig, and Kayl's alleged failure to provide plaintiff

////

6

with a medical diet is sufficient to state a claim for deliberate indifference and these defendants will be required to respond to the complaint.

IV.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendants Moore, Kanellos, or the Doe defendants.  However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Hackworth, Standig, and Kayl on his claim that they failed to provide him a medical diet or he may delay serving any defendant and amend the complaint to attempt to state cognizable claims against defendants Moore, Kanellos, and the unknown transportation officers.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint.  If plaintiff elects to proceed on his claims against defendants Hackworth, Standig, and Kayl without amending the complaint, the court will send him the necessary forms for service of the complaint and the claims against defendants Moore, Kanellos, and the unknown transportation officers will remain dismissed without prejudice.

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. International Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).  For his claims against Moore and Kanellos, plaintiff must also allege facts that demonstrate the court would have personal jurisdiction over those defendants.

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.     Summary

Plaintiff's motion for leave to proceed in forma pauperis is granted.

Some of the allegations in the complaint state claims against the defendants and some do not. Plaintiff's allegations that defendants Hackworth, Standig, and Kayl violated his Eighth Amendment rights by not providing him with a medical diet state a claim. The defendants will be required to respond to these allegations.

Plaintiff's claims that defendants Moore and Kanellos were deliberately indifferent to his medical needs do not state a claim because plaintiff has not alleged facts to show that these defendants knew there was a risk to his health or safety and then ignored that risk. He also has not shown that defendants Moore or Kanellos have enough contact with California so that the court would have personal jurisdiction over them. Plaintiff's claim that the unknown transportation officers violated his Eighth Amendment rights also does not state a claim because he has not given the court enough facts about what happened. These claims will be dismissed with leave to amend.

If plaintiff wants, he can either (1) proceed immediately on his claims against defendants Hackworth, Standig, and Kayl or (2) try to amend the complaint to state claims against defendants Moore, Kanellos, and the Doe defendants. If plaintiff wants to go forward without amending the complaint, his claims against defendants Moore, Kanellos, and the Doe defendants will remain

8

dismissed without prejudice. If plaintiff chooses to amend his complaint, the first amended complaint must include all of the claims plaintiff wants to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. In other words, any claims not in the first amended complaint will not be considered. Plaintiff must complete the attached notification showing what he wants to do and return it to the court. Once the court receives the notice, it will issue an order telling plaintiff what he needs to do next (i.e. file an amended complaint or complete and return service paperwork).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff's claims against defendants Moore, Kanellos, and the Doe defendants are dismissed with leave to amend.

3. Plaintiff has the option to proceed immediately on his Eighth Amendment claims against defendants Hackworth, Standig, and Kayl as set forth in Section III.C. above, or to amend the complaint.

4. Within twenty-one days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.

DATED: April 28, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL SPEARMAN,<br><br>          Plaintiff,<br><br>     v.<br><br>D. MOORE, et al.,<br><br>          Defendants. | No.  2:15-cv-0936 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

     Check one:

\_\_\_\_\_  Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendants Hackworth, Standig, and Kayl without amending the complaint.  Plaintiff understands that going forward without amending the complaint means that his claims against defendants Moore, Kanellos, and the Doe defendants will remain dismissed without prejudice.

\_\_\_\_\_  Plaintiff wants to amend the complaint.

DATED:_____

                                                          RUSSELL SPEARMAN<br>
                                                          Plaintiff pro se